UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| Lubomir R. Andreev, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06 C 4099 |
| | ) | |
| | ) | Judge Virginia M. Kendall |
| Draper-Kramer, Inc.; Local 1, Services | ) | |
| Employees International Union | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Lubomir Andreev ("Plaintiff") brought this action for breach of a union contract against Draper-Kramer, Inc. ("Draper-Kramer"), and for breach of the duty of fair representation against Local 1, Service Employees International Union ("SEIU"). SEIU seeks to dismiss the breach of the duty of fair representation claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. SEIU answered Plaintiff's breach of the duty of fair representation claim as it relates to money owed for vacation, holiday, and overtime pay, plus other pay due to Plaintiff in lieu of benefits. Plaintiff's breach of the duty of fair representation claim as it relates to Plaintiff's discharge is time barred, because a reasonably diligent plaintiff would have been aware more than six months prior to the initiation of this lawsuit that SEIU had made a final decision not to take action against Draper-Kramer on his behalf.

### Plaintiff's Allegations

Plaintiff was chief engineer of the Millennium Centre Condominium Association ("Millennium Centre") when Draper-Kramer took over management of the building on or about January 1, 2006. 2d Am. Compl. ¶¶ 6, 7. SEIU represented the employees working at Millennium Centre, including Plaintiff. *Id.* ¶ 5. Plaintiff alleges that he had disputes with building manager

Greta Wellhoefer that led him to file a written complaint with the Millennium Centre Board of Directors in December 2005. *Id.* ¶ 13. On January 4, 2006, Plaintiff and an SEIU representative met with Wellhoefer and Draper-Kramer President Tom Taylor to discuss the grievances that he had filed concerning alleged harassment by Wellhoefer and failure by Draper-Kramer to pay overtime and holiday pay. *Id.* ¶ 8. During the meeting Taylor fired Plaintiff from his job at Millennium Centre. *Id.* ¶ 9.

Plaintiff contacted SEIU regarding his discharge without satisfactory action or results. *Id.* ¶ 19. At the time of his firing, Plaintiff also requested assistance from SEIU to recover vacation, overtime, and holiday pay, plus other pay in lieu of benefits that Draper-Kramer owed him. *Id.* ¶¶ 16, 17. Plaintiff received a check from Draper-Kramer on June 22, 2006 that was for less money than the company owed him. *Id.* ¶ 22.

Plaintiff filed this lawsuit on November 9, 2006.

**Discussion**

When considering a Rule 12(b)(6) motion, the court must accept as true all the allegations in the complaint and construe all reasonable inferences in favor of the plaintiff. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). In order to state a claim, a plaintiff must allege facts that plausibly suggest he is entitled to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. \_\_\_, 127 S.Ct. 1955, 2007 WL 1461066, *8 (2007). SEIU argues that the events relating to a breach of its duty to represent in relation to his discharge occurred in January 2006 or February 2006 because the collective bargaining agreement between SEIU and Draper-Kramer requires all grievances to be filed within fifteen days of the occurrence of the event leading to the dispute. Plaintiff argues that SEIU's breach of its duty lasted until June 2006 because he continued to file grievances with SEIU and saw no effective action or results from SEIU.

A six-month statute of limitations applies to a claim for breach of the duty of fair representation by a union. *See DelCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151, 155 (1983) (applying the six-month statute of limitations for unfair labor practice charges contained in the National Labor Relations Act, 29 U.S.C. § 160(b)). The six-month statute of limitations begins to run when the plaintiff knew, or through reasonable diligence should have known, about the acts that gave rise to the claim. *See Metz v. Tootsie Roll Industries*, 715 F.2d 299, 304 (7th Cir. 1983).

A union's failure to file a grievance within the time specified in the collective bargaining agreement should serve to notify a reasonably diligent plaintiff that the union has made a final decision about acting on his behalf, causing the statue of limitations to start running. *See Christiansen v. APV Crepaco, Inc.*, 178 F.3d 910, 914 (7th Cir. 1999). And although unions are encouraged to notify employees when they decide not to pursue a grievance, a plaintiff cannot claim lack of notice when the union clearly has failed to act within the specified time. *See id.* at 915; *Metz,* 715 F.2d at 304. In the instant case, Article XV of the collective bargaining agreement between SEIU and Draper-Kramer directs that grievances must be initiated within fifteen days of the event giving rise to the dispute, and failure to do so results in waiver of the grievance. SEIU failed to file a grievance on Plaintiff's behalf within fifteen days of Plaintiff's discharge as required in the collective bargaining agreement. SEIU's inaction in January 2006 constituted a final decision not to pursue Plaintiff's grievance as it relates to his discharge. *See Metz*, 715 F.2d at 303. Plaintiff initiated this lawsuit on November 9, 2006, approximately nine months after a reasonably diligent plaintiff would have discovered the union's inactivity. Indeed, Plaintiff alleges that he contacted SEIU regarding his discharge and that SEIU has taken no effective action or produced any results, signaling that Plaintiff was aware of SEIU's inactivity. Accepting Plaintiff's allegations as true and making all reasonable inferences in Plaintiff's favor, the facts do not plausibly suggest that Plaintiff

initiated this lawsuit before the six-month statute of limitations had expired for the breach of the duty of fair representation claim in relation to Plaintiff's discharge.

Plaintiff additionally argues that SEIU's inactivity constituted a continuing violation of its duty of fair representation through June 2006, the month in which Plaintiff received a check for less than all the money he claims Draper-Kramer owes him. "Continued union inactivity after an initial failure to respond to a grievance request does not constitute a continuing violation of the duty of fair representation." *Adams v. Budd Co.*, 846 F.2d 428, 431 (7th Cir. 1988). A union's continuing refusal to act does not revive a claim that is "legally non-cognizable" because of the statute of limitations. *See Metz*, 715 F.2d at 306. Even if it is conceded that SEIU's failure to file a grievance on Plaintiff's behalf in relation to his discharge was a breach of the duty of fair representation, the breach occurred in January 2006. SEIU's initial refusal to act on Plaintiff's behalf caused the statute of limitations to begin running, and Plaintiff may not revive a claim for breach of the duty of fair representation that he failed to file before the statute of limitations expired by alleging SEIU's continuing failure to act. *See id.*

## CONCLUSION AND ORDER

Plaintiff's version of the facts does not plausibly suggest that he initiated this lawsuit within six months of the time when a reasonably diligent plaintiff would have discovered SEIU's alleged breach of the duty of fair representation. Wherefore, SEIU's Motion to Dismiss Plaintiff's breach of the duty of fair representation claim as it relates to Plaintiff's discharge is granted. So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: June 20, 2007

4